# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SUNIVA, INC.[1], | ) ) | Case No. 17-10837 (KG) |
| Debtor. | ) ) ) | Hearing Date: December 18, 2017 at 11:00 a.m.<br>Obj. Deadline: November 27, 2017 at 4:00 p.m. |

## MOTION OF DEBTOR FOR ENTRY OF AN ORDER EXTENDING THE TIME, WITH CONSENT, WITHIN WHICH UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY MAY BE ASSUMED OR REJECTED

Suniva, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) approving each of the stipulations (together, the "Extension Stipulations") attached hereto as **Exhibits C & D** pursuant to which the subject landlords (collectively, the "Landlords") have agreed to extend the deadline by which the Debtor must assume or reject the Unexpired Leases (defined below) up to and including the earlier of (a) January 13, 2017 (for the Debtor's Saginaw, Michigan facility and January 31, 2017 for the Debtor's Norcross, Georgia facility or (b) the effective date of a plan of reorganization, (ii) extending the deadlines to assume or reject the Unexpired Leases as set forth in the Extension Stipulations, and (iii) granting any such other and further relief as the Court deems proper. In support of this Motion, the Debtor respectfully represents as follows:

### Jurisdiction

1. The Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

---

[1] The last four digits of the Debtor's federal tax identification number is 2418. The Debtor's corporate headquarters is located at 5765 Peachtree Industrial Blvd., Norcross, Georgia 30092.

3. Venue of this chapter 11 case (the "Chapter 11 Case") in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief requested herein is section 365 of title 11 of the United States Code (the "Bankruptcy Code").

**Background**

5. On April 17, 2017 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its properties as a debtor-in-possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in this Chapter 11 Case. On April 27, 2017, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in this Chapter 11 Case.

6. The factual background relating to the Debtor's commencement of its Chapter 11 Case is set forth in detail in the *Declaration of David M. Baker in Support of First Day Motions* [D.I. 10] (the "First Day Declaration"), filed on April 17, 2017, in the Debtor's Chapter 11 Case and incorporated herein by reference.[2]

7. The Debtor is a party to two leases of nonresidential real property, both of which are identified on the schedule attached hereto as **Exhibit B** (collectively, the "Unexpired Leases"). The properties governed by the Unexpired Leases are located at: (i) 5765 Peachtree Industrial Boulevard, Norcross, Georgia 30092 (the "Norcross Facility"); and (ii) 2650 Schust Road, Saginaw, Michigan 48603 (the "Saginaw Facility"). Neither of the Unexpired Leases has been assumed or rejected.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

8. On June 27, 2017, the Debtor filed the *Motion for Entry of an Order Extending the Time Within Which Unexpired Leases of Nonresidential Real Property May Be Assumed or Rejected* [D.I. 225]. On July 14, 2017, the Court entered its Order Extending the Time Within Which Unexpired Leases of Nonresidential Real Property May be Assumed or Rejected (the "Extension Order") [D.I. 241] extending the deadline for the Debtor to assume or reject any unexpired leases of nonresidential real property up to and including the earlier of November 13, 2017,[3] or the date of the entry of an order confirming a plan, without prejudice to the Debtor's right to seek further extensions upon the written consent of the affected lessors.

## Relief Requested

9. Pursuant to the Extension Order, the Debtor has until November 13, 2017 to assume the Unexpired Leases or else such Unexpired Leases will be deemed rejected pursuant to section 365(d) of the Bankruptcy Code (the "Current Deadline"). By this Motion, the Debtor seeks entry of an order pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, with the written consent of the Landlords, extending the date by which the Debtor must assume or reject the Unexpired Leases up to and including the earlier of (i) January 13, 2017 for the Saginaw Facility and January 31, 2017 for the Norcross Facility or (ii) the effective date of a bankruptcy plan.

10. The Debtor further requests that, to the extent the Debtor obtains any additional Extension Stipulations from the Landlords, such additional stipulations may be submitted to this Court under certification of counsel.

## Basis for Relief

11. Section 365(d)(4) of the Bankruptcy Code provides, in relevant part, that:

---

[3] Pursuant to Local Bankruptcy Rule 9006-2, the filing of this Motion before the expiration of the period prescribed by the Extension Order automatically extends the time within which the Debtor may assume or reject any unexpired leases of nonresidential real property until the Court acts on the Motion, without the necessity for the entry of a bridge order. L.B.R. 9006-2.

(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of –

    (i) the date that is 120 days after the date of the order for relief; or

    (ii) the date of the entry of an order confirming a plan.

(B)(i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

    (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4).

12. Subsequent to receiving the initial 90-day extension provided for under section 365(d)(4)(B)(i) of the Bankruptcy Code,[4] if a debtor continues to have insufficient time to make assumption or rejection decisions, it may request further extensions. Pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, a bankruptcy court may award further extensions only upon prior written consent of the lessor in each instance. Such an additional, consensual extension is not novel. *See, e.g., In re Eastern Outfitters, LLC, et al.,* Case No. 17-10243 (LSS) (Bankr. D. Del. Sept. 1, 2017); *In re Paragon Offshore PLC, et al.,* Case No. 16-10386 (CSS) (Bankr. D. Del. Aug. 15, 2016); *In re CH Holding Corp.,* Case No. 10-13683 (MFW) (Bankr. D. Del. May 2, 2011); *In re Westinghouse Electric Co. LLC, et al.,* Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. Oct. 24, 2017).

13. As evidenced by the Extension Stipulations attached hereto as **Exhibits C and D**, the Debtor has received from each of the Landlords, prior written consent for an extension of the

---

[4] The Court granted the Debtor an initial 90-day extension on July 14, 2017, thereby extending the deadline for the Debtor to assume its unexpired nonresidential real property leases to the earlier of November 13, 2017 or the date of the entry of an order confirming a plan.

Debtor's deadline to assume or reject the Unexpired Leases up to and including the earlier of (i) January 13, 2017 for the Saginaw Facility and January 31, 2017 for the Norcross Facility or (ii) the effective date of a bankruptcy plan. As such, the Debtor is now seeking approval of a further extension of the Current Deadline to provide it with the necessary time to make determinations as to whether the Unexpired Leases should be assumed or rejected. The approval of the Motion and the Extension Stipulations is critical to the Debtor's efforts to maximize value, without any prejudice to the Landlords whose consent has been obtained.

## Notice

14. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Creditor's Committee; (iii) counsel to Wanxiang America Corporation; (iv) counsel to the Debtor's postpetition lenders; (v) the Georgia Department of Revenue; (vi) counsel to Wells Fargo Bank, N.A.; (vii) all other parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; and (viii) the Landlords under the Unexpired Leases. In light of the nature of the relief requested herein, the Debtor submits that no further notice of the Motion is necessary or required.

## No Prior Request

15. No prior motion for the relief requested herein has been made to this Court or any other court.

*[remainder of page intentionally left blank]*

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other and further relief as may be equitable and just.

Dated: November 10, 2017
Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*/s/ R. Stephen McNeill*
Jeremy W. Ryan (DE Bar No. 4057)
R. Stephen McNeill (DE Bar No. 5210)
1313 North Market Street, Sixth Floor
P.O. Box 951
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

*Co-Counsel to the Debtor and Debtor-in-Possession*

-and-

**KILPATRICK TOWNSEND & STOCKTON LLP**
Todd C. Meyers, Esq.
Colin M. Bernardino, Esq.
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

*Counsel to the Debtor and Debtor-in-Possession*