**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNIVA, INC., | ) | Case No. 17-10837 (KG) |
| | ) | |
| Debtors. | ) | **Re: D.I. 479 and 499** |

## MEMORANDUM OPINION

## BACKGROUND

The present dispute arises from an objection (the "Objection") brought by Georgia Tech Research Corporation ("GTRC") (D.I. 499) to the Motion (the "Motion") filed Pursuant to Federal Bankruptcy Rule 9019(a) and Sections 105(a), 362 and 363 of the Bankruptcy Code for an Order Approving and Authorizing the Stipulation Regarding Certain Cash Collateral (D.I. 479). The Motion seeks the Court's approval of a settlement stipulation (the "Stipulation") between and among Debtor, Wells Fargo Bank, N.A. ("Wells Fargo"), Wanxiang America Corporation ("Wanxiang") and the Official Committee of Unsecured Creditors. If approved, the Stipulation would result in Wanxiang receiving payments totaling $2,585,771.57.[1] GTRC objected to the Motion on the ground, as GTRC alleges, that $362,192 of the funds to be remitted to Wanxiang was

---

[1] The Stipulation, subject to Court approval, calls for Wells Fargo to remit to Wanxiang the sum of $1,678,796.69 on account of letters of credit, and $906,974.88 on account of accounts receivable, for a total of $2,585,771.57.

earmarked for GTRC's receipt, or was subject to a constructive trust and is not property of Debtor's estate.[2]

What gives rise to the Objection is that GTRC and Debtor had earlier entered into Subrecipient Agreements (the "Agreements") for work to be performed under Department of Energy ("DOE") prime contract numbers DE-EE0006354 and DE-EEE006354.0000. The Agreements are subcontracts with GTRC for work that Debtor agreed to perform under a contract with DOE. Debtor was paid by DOE for its work and GTRC's work.

GTRC objects to the Motion arguing that: (1) DOE paid Debtor $362,192 for FTRC's benefit[3], (2) the funds were earmarked for GTRC and therefore were not property of Debtor's estate, or (3) Debtor holds the $362,192 in a constructive trust for GTRC's benefit. If the funds were earmarked for GTRC, or if Debtor holds the $362,192 in a constructive trust for GTRC, then the funds belong to GTRC.

## DISCUSSION

In the Objection, GTRC cites to and quotes from provisions of the Agreements. The specific quoted language from the Agreements is as follows:

> 3.1. [The Debtor] shall pay GTRC any costs which have been accrued or been encumbered for work related to completed milestones in the Project Management Plan up to the actual date of termination of [the Subrecipient] Agreement and shall not been relieved of the obligation to pay any such costs because of termination of the [Subrecipient] Agreement. . . . .
>
> . . . .

---

[2] GTRC has filed a proof of claim in the amount of $1,137,192, of which $775,000 is not the subject of the Objection, leaving $362,192 which is.

[3] The $362,192 which Debtor owes GTRC is for patent and research contract expenses.

> 3.5. GTRC acknowledges and agrees that the Prime Agreement is being incrementally funded by the Government and that [the Subrecipient] Agreement shall be funded to the extent that the Prime Agreement is funded by the Government, in accordance with the anticipated budget periods set forth in the Prime Agreement. [The Debtor's] obligations concerning future compensation to GTRC shall be contingent on Government funding of the Prime Agreement. [The Debtor] acknowledges that the agreement with GTRC shall be bound by any Go/No Go Decisions by the Government, as set forth in the Project Management Plan, to the same extent that [the Debtor] is bound by such decisions.

GTRC complains that Debtor has received millions of dollars from DOE for research and that GTRC has performed vital services on the research for which it did not receive payment.

GTRC cites many cases for its argument that Debtor did not have an equitable interest in the $362,192 and the funds are therefore not part of Debtor's estate but, instead, belong to GTRC. *See*, *e.g.*, *In re United Milk Products Co.*, 261 F. Supp. 766 (N.D. Ill. 1966) (holding that milk product manufacturer held milk supplier's money); *In re LAN Trainers, Inc.*, 359 F. 3d 204 (1st Cir. 2003) (finding that debtor did not have an equitable interest in funds); *In re SemCrude, L.P.*, 418 B.R. 98 (Bankr. D. Del. 2009) (finding that debtor did not have an equitable interest in funds).

The cases are not helpful to GTRC's position. While GTRC's recitation of the law is accurate, a review of the Agreements is telling. In the Agreements there is not a word which indicates that any portion of the DOE payments were earmarked for GTRC. "Earmarking" is defined as setting money aside for a particular purpose. Merriam-Webster Dictionary. Debtor was not required in the Agreement to set money aside to pay GTRC.

GTRC is also not entitled to the funds on the alleged basis that Debtor is a "pass through" entity. The Agreements give no indication that the money Debtor received from DOE merely passed through its account to GTRC. In fact, the sections of the Code of Federal Regulations to which GTRC refers, 2 C.F.R. §§ 200.305(b)(3) and 200.331, are not applicable. The C.F.R. sections to which GTRC refers are guidance regarding grants awards and administration.

The Agreements provide that Georgia law governs. Agreements, Section 12.3. Georgia law is clear that principally fraud, or other inequitable conduct, is necessary to impose a constructive trust. *See*, *e.g.*, *Hall v. Higgison*, 149 S.E. 2d 808, 810 (Ga. 1966) (finding that it would not impose a constructive trust because there was "no allegation of fraud"). Georgia courts impose constructive trusts only "when the circumstances are such that the person holding legal title to property, either from fraud or otherwise cannot enjoy the beneficial interest in the property without violating some established principle of equity."[4] *Georgia Trusts and Trustees* § 6:3 (December 2017 update). Here, Debtor did not engage in dishonest conduct.

However, when the Court arrives at GTRC's request that the Court impose a constructive trust for its benefit on the $362,192, the Court finds in GTRC's favor. The basis for this finding is the ruling of the Third Circuit Court of Appeals (the "Third Circuit") in *In re Columbia Gas Systems Inc.*, 997 F. 2d 1039 (3rd Cir. 1993).

---

[4] Cases GTRC cites for the proposition that a court may impose a constructive trust in the absence of wrongdoing hold the opposite. Wrongdoing was evident in *Morrison v. Morrison*, 663 S.E. 2d 714 (Ga. 2008) and *Reinhardt University v. Castleberry*, 734 S.E. 2d 117 (2012).

*Columbia Gas* makes it clear that "bad" acts are not the precursor to a constructive trust. In *Columbia Gas*, the debtor operated one of the largest natural gas systems in the country, and moved for an order permitting it to pay certain pre-petition obligations. The Third Circuit permitted the payment of certain obligations on the ground that the funds were held in trust and were not property of Columbia Gas's estate.

The Third Circuit applied federal common law rather than state law because of the involvement of the Federal Energy Regulatory Commission and the application of the Natural Gas Act. In the present case, it is the Department of Energy and a federal research project that are involved. Accordingly, federal common law applies and, as in *Columbia Gas*, the Court will impose a constructive trust even in the absence of wrongdoing or unjust enrichment. *Id.* at 1056. The Third Circuit found support for its application of federal common law in the legislative policy underlying Section 541 of the Bankruptcy Code:

> Application of state law not only would frustrate the purpose of the [Natural Gas Act], but also would warp the definition Congress intended to provide to the exclusion from the bankruptcy estate for equitable interests. See 11 U.S.C. Sec. 541(d). The legislative history of section 541(d) makes clear that when a debtor collects money on behalf of another, this money is held in constructive trust for the intended eventual recipient even absent any misconduct. See H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 368 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 5963, 6324. Since in some cases state law is inconsistent with this definition, it must be displaced.

The Court reads *Columbia Gas* as allowing a bankruptcy court to impose a constructive trust even when one would not be imposed under applicable non-bankruptcy law. *Id.* at 1054. Here, although the Court has not found that Debtor acted

with malice, it imposes a constructive trust on the $362,192, finding that the money was never included in Debtor's estate and GTRC is entitled to payment for work it performed.

Debtor and Wanxiang argue that GTRC must, and cannot, trace the trust funds which defeats its case. Debtor deposited the money it received from DOE in its general account where the money was commingled with other money. Furthermore, because the balance in the account reached zero dollars at times, the lowest intermediate balance test[5] results in no money for GTRC. The Court will permit GTRC to take discovery as to whether or not the DOE money was commingled and whether or not GTRC can include other Debtor accounts (in addition to the general account) in determining the lowest intermediate balance test.

## CONCLUSION

The Court finds that a portion of the funds which DOE paid Debtor ($362,192) is subject to imposition of a constructive trust. The Court accordingly grants GTRC's objection to the Motion and provides GTRC with the opportunity to trace the funds. Pending the outcome, Wells Fargo shall not distribute $362,192 but will hold such funds in an interest bearing account, subject to further order of the Court.

Dated: March 16, 2018

KEVIN GROSS, U.S.B.J.

---

[5] The Third Circuit in *Columbia Gas* adopted the lowest intermediate balance test. *Id.* at 1063.