# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SUNIVA, INC.,[1] | ) ) | Case No. 17-10837 (KG) |
|  Debtor. | ) ) ) | **Re: Docket No. 692** |

### DEBTOR'S LIMITED OBJECTION TO MOTION OF VERITIV CORPORATION TO COMPEL DEBTOR TO REJECT ITS EXECUTORY CONTRACTS WITH VERITIV CORPORATION

Suniva, Inc., as debtor and debtor in possession (the "Debtor"), by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") to the *Motion of Veritiv Corporation to Compel Debtor to Reject its Executory Contracts With Veritiv Corporation* [D.I. 692] (the "Motion").[2] In support of this Limited Objection, the Debtor respectfully states as follows:

### PRELIMINARY STATEMENT

1. In the Motion, Veritiv Corporation ("Veritiv") requests, among other things, that the Court compel the Debtor to reject eight warehousing agreements (the "Warehousing Agreements") with Veritiv. The Debtor does not object to rejecting the Warehousing Agreements and, if so ordered by the Court, will immediately reject the subject agreements.

2. However, the Debtor does object to the Motion to the extent it requests that in connection with a compelled rejection of the Warehousing Agreements, the Debtor be required to "immediately" retrieve all of the inventory located within Veritiv's warehousing facilities (the "Inventory"), subject to resolution of any possessory liens of Veritiv and payment of Veritiv's

---

[1] The last four digits of the Debtor's federal tax identification number is 2418. The Debtor's corporate headquarters is located at 5765 Peachtree Industrial Blvd, Norcross, Georgia 30092.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

claims. As discussed herein: (1) the request that the Debtor immediately retrieve all of the Inventory is unnecessary and burdensome because the Inventory will be subject to a forthcoming abandonment motion; (2) the resolution of Veritiv's unspecified possessory liens is premature and unnecessary at this time; and (3) the payment of any claim is inappropriate within the context of Veritiv's motion to compel rejection.

3. For these reasons, and as set forth more fully below, the Debtor respectfully requests that any order approving the Motion be limited to compelling the Debtor to immediately reject the Warehousing Agreements and deny any relief related to inventory retrieval, possessory liens or payment of claims.

## **LIMITED OBJECTION**

4. As noted above, the Debtor does not object to rejection of the Warehousing Agreements. However, Veritiv's request that the Debtor be ordered to "immediately retrieve" the Inventory from its warehousing facilities will expose the Debtor's estate to unnecessary costs and expense because the Debtor will file its own motion to abandon the subject Inventory as it is no longer vital to the Debtor's ongoing reorganization efforts. Indeed, such abandonment motion will permit Wanxiang America Corporation ("WX"), the secured creditor with first priority liens upon the Inventory, to retrieve the Inventory. Thus, for Veritiv to foist "immediate" retrieval efforts on the Debtor is not only inappropriate within the context of a rejection of the Warehousing Agreements, but it will also unnecessarily expose this estate to burdensome costs that may be otherwise avoided by a forthcoming abandonment motion. See In re Flagstaff Realty Assocs., 60 F.3d 1031, 1034 (3d Cir. 1995) ("The primary function of [contract] rejection is to 'allow[] a [debtor] to escape the burden of providing continuing services[.]") (internal citations omitted).

5.      Regarding Veritiv's request that any removal of the Inventory be subject to the resolution of Veritiv's alleged possessory liens, such issue will be ripe for resolution by and among Veritiv and WX or, if necessary, adjudication by the Court, following the Debtor's forthcoming motion to abandon the Inventory.[3]

6.      With respect to the payment of Veritiv's alleged claims, the Debtor does not dispute that no postpetition payments were made to Veritiv on account of the Warehousing Agreements.  However, Veritiv has not provided support for its alleged postpetition claim of $157,251.10.  Furthermore, Veritiv fails to include any argument as to why payment of an alleged postpetition claim is appropriate in the context of a motion to compel rejection.  This is especially true here because the Debtor previously filed a motion to establish an administrative claims bar date so as to reconcile such claims in an orderly and efficient manner.  On February 9, 2018, the Court entered its *Order (I) Fixing a Deadline for Filing Requests for Allowance of Administrative Expense Claims and (II) Designating Form and Manner of Notice Thereof* [D.I. 507] (the "Administrative Bar Date Order").  Pursuant to the Administrative Bar Date Order, the deadline to assert an administrative expense claim pursuant to section 503(b) of the Bankruptcy Code (other than a claim arising under section 503(b)(9) of the Bankruptcy Code) that arose during the period from the Petition Date through and including January 31, 2018, was March 26, 2018 (the "Bar Date").  Veritiv did not file a request for payment on or prior to the Bar Date.  Rather, by seeking entry of an order that compels retrieval of inventory subject to payment of possessory liens, Veritiv is seeking payment of its undocumented administrative expense claim (a portion of which may be barred by the Administrative Bar Date Order) by way of a motion to compel rejection of certain executory contracts.  The Court should not countenance those efforts.

---

[3]     It is unclear whether Veritiv has waived any possessory liens on the Inventory in connection with prior negotiations with WX.

**CONCLUSION**

7. WHEREFORE, the Debtor requests that any order approving the Motion be limited to compelling the Debtor to immediately reject each of the Warehousing Agreements with Veritiv.

Dated:  June 5, 2018  
        Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*/s/ R. Stephen McNeill*  
Jeremy W. Ryan (DE Bar No. 4057)  
R. Stephen McNeill (DE Bar No. 5210)  
1313 North Market Street, Sixth Floor  
P.O. Box 951  
Wilmington, DE  19801  
Telephone:  (302) 984-6000  
Facsimile:  (302) 658-1192  

*Co-Counsel to the Debtor and Debtor in Possession*

-and-

**KILPATRICK TOWNSEND & STOCKTON LLP**

Todd C. Meyers, Esq.  
Colin M. Bernardino, Esq.  
1100 Peachtree Street NE  
Suite 2800  
Atlanta, GA  30309  
Telephone:  (404) 815-6500  
Facsimile:  (404) 815-6555  

*Counsel to the Debtor and Debtor in Possession*