# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>**SUNIVA, INC.**,<br><br>                Debtor. | Chapter 11<br><br>Case No. 17-10837 (KG)<br><br>**Hearing Date: June 12, 2018 at 2:00 p.m.**<br>**Re: Docket Nos. 692, 712, and 719** |

## REPLY IN SUPPORT OF MOTION OF VERITIV CORPORATION TO COMPEL DEBTOR TO REJECT ITS EXECUTORY CONTRACTS WITH VERITIV CORPORATION

Veritiv Corporation ("Veritiv"),[1] by and through its undersigned counsel, respectfully submits this reply (the "Reply") in support of its Motion [Dkt. No. 692][2] pursuant to sections 365(d)(2) and 503(b)(1)(A) of the Bankruptcy Code for an order compelling the Debtor to (i) reject each of the Warehousing Agreements, and (ii) retrieve all of its inventory from Veritiv's warehousing facilities, subject to resolution of any possessory lien rights of Veritiv and payment of Veritiv's claims. In support hereof, Veritiv respectfully states:

## REPLY

1. Veritiv understands that the Debtor has no objection to the entry of an order compelling it to reject each of the Warehousing Agreements. Instead, the Debtor objects to the consequences of rejection—that the Debtor be required to retrieve its own inventory from Veritiv's warehouses and pay Veritiv the amounts it is properly owed under the Warehousing Agreements for services rendered since the Petition Date as a condition to Veritiv releasing its lien.

---

[1] All capitalized terms used but not defined herein shall be ascribed the same meaning as in the Motion.
[2] References to entries on the docket of the Suniva, Inc. bankruptcy case, Case No. 17-10837 (KG), are denoted by "Dkt. No. ___."

2. The Debtor's justification for this position appears to be that it intends to abandon the solar panels so as to allow Wanxiang America Corporation ("WX") to retrieve the inventory. The Debtor's purported plan to simply move to abandon the inventory stored in Veritiv's warehousing facilities does nothing to remedy the ongoing situation. It makes no difference to Veritiv whether WX or the Debtor retrieves the inventory. Until its yet-to-be filed abandonment motion is prosecuted and resolved, Veritiv should not be forced to continue to store the Debtor's inventory at Veritiv's expense. Such a result would be unfairly prejudicial to Veritiv and would essentially defeat the purpose of compelling the Debtor to reject the Warehousing Agreements in the first place.

3. Further, in light of Veritiv's possessory lien rights and the value Veritiv has provided to the Debtor's estate, payment of Veritiv's claims is entirely appropriate in this case.[3] Veritiv has actual physical possession of the Debtor's inventory and has stored such inventory without any sort of compensation—compensation that is required by the Warehousing Agreements and section 503(b) of the Bankruptcy Code—for over a year now. Accordingly, Veritiv should be paid on account of its postpetition claim and Veritiv ought to be able to exercise whatever possessory lien rights it has in order to secure payment of its claims as a condition to releasing the Debtor's inventory back to the Debtor, WX, or to such other party who would have an interest in the inventory.

---

[3] With respect to the existence of any possessory lien rights Veritiv may have, the Court need not necessarily decide this issue in ruling on the present Motion. The Motion raised the possibility that Veritiv may have certain possessory lien rights in anticipation of an objection by a secured creditor asserting its own liens in the Debtor's stored inventory.

**CONCLUSION**

4. WHEREFORE, Veritiv respectfully requests that this Court, pursuant to 11 U.S.C. § 365(d)(2), compel the Debtor to reject each of its eight Warehousing Agreements with Veritiv and to retrieve all of its property from Veritiv's warehousing facilities.

Dated: June 7, 2018
      Wilmington, Delaware      COLE SCHOTZ P.C.

                    /s/ *Katherine M. Devanney*
                    Norman L. Pernick (No. 2290)
                    Katherine M. Devanney (No. 6356)
                    500 Delaware Avenue, Suite 1410
                    Wilmington, DE 19801
                    Telephone: (302) 652-3131
                    Facsimile: (302) 652-3117
                    npernick@coleschotz.com
                    kdevanney@coleschotz.com

                    - and -

                    SIDLEY AUSTIN LLP
                    Jessica C. Knowles Boelter
                    One South Dearborn Street
                    Chicago, Illinois 60603
                    Telephone: (312) 853-7000
                    Facsimile: (312) 853-7036
                    jboelter@sidley.com

                    *Counsel for Veritiv Corporation*