**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| SUNIVA, INC.,[1] | ) Case No. 17-10837 (KG) |
| Debtor. | ) |

**DECLARATION OF JOSEPH ARENA OF EPIQ
CORPORATE RESTRUCTURING, LLC REGARDING
VOTING AND TABULATION OF BALLOTS CAST ON THE
<u>AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR SUNIVA, INC.</u>**

I, Joseph Arena, declare, under penalty of perjury:

1. I am Senior Consultant, Solicitation Services at Epiq Corporate Restructuring, LLC ("<u>Epiq</u>") located at 777 Third Avenue, 12th Floor, New York, New York 10017. I am over the age of 18 years. I do not have a direct interest in the chapter 11 cases and should be considered an impartial party.

2. I submit this declaration (the "<u>Declaration</u>") with respect to the solicitation and tabulation of votes cast on the *Amended Chapter 11 Plan of Reorganization for Suniva, Inc.* dated March 6, 2019 (as amended, supplemented, or modified from time to time, the "<u>Plan</u>").[2] Except as otherwise indicated herein, all facts set forth herein are based upon my personal knowledge or my review of relevant documents. I am authorized to submit this Declaration on behalf of Epiq. If I were called upon to testify, I could and would testify competently as to the facts set forth herein.

---

[1] The last four digits of the Debtor's federal tax identification number is 2418. The Debtor's corporate headquarters is located at 5765 Peachtree Industrial Blvd., Norcross, Georgia 30092.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the Disclosure Statement Order (as defined herein).

3. In accordance with the *Order (A) Approving the Disclosure Statement, (B) Approving the Solicitation Procedures, (C) Approving the Form of Ballots and Notices in Connection Therewith, (D) Establishing the Plan Confirmation Schedule, and (E) Granting Related Relief,* dated March 8, 2019 [D.I. 1094] (the "Disclosure Statement Order"), Epiq was appointed as Solicitation Agent and authorized to assist the Debtors with, *inter alia*, soliciting, receiving, reviewing, determining the validity of, and tabulating Ballots cast on the Plan by holders of Claims in the Voting Classes (as defined below).

4. Pursuant to the Plan and the Disclosure Statement Order, only holders of Claims in the following Classes (collectively, the "Voting Classes") were entitled to vote to accept or reject the Plan:

| **Class** | **Description** |
|---|---|
| Class 3 | Secured Tax Claims |
| Class 4 | General Unsecured Claims |
| Class 5 | Convenience Claims |

5. The procedures for the solicitation and tabulation of votes on the Plan are outlined in the Disclosure Statement Order. Epiq was instructed by the Debtors to solicit, review, determine the validity of, and tabulate Ballots submitted to vote to accept or reject the Plan by the holders of Claims in the Voting Classes.

6. The Disclosure Statement Order established March 7, 2019 as the record date for determining the holders of Claims in the Voting Classes who would be entitled to vote on the Plan (the "Voting Record Date").

7. In accordance with the Disclosure Statement Order, Epiq solicited the holders of Claims in the Voting Classes as of the Voting Record Date. Epiq's *Affidavit of Service of Solicitation Materials* was filed with the Court on March 26, 2019 [D.I. 1148].

8. Ballots returned by mail, hand delivery, overnight courier were received by personnel of Epiq at the offices of Epiq in Beaverton, Oregon. All Ballots received by Epiq were date-stamped upon receipt and were processed in accordance with the procedures set forth in the Disclosure Statement Order.

9. For a Ballot to be counted as valid, the Ballot must have been properly completed in accordance with the procedures set forth in the Disclosure Statement Order and executed by the relevant holder, or such holder's authorized representative, and must have been received by Epiq by no later than 4:00 p.m. (ET) on April 2, 2019 (the "Voting Deadline"). Consistent with paragraph 19 of the Disclosure Statement Order, the Voting Deadline was extended by the Debtor to April 3, 2019 for two creditors in Class 4.

10. All validly executed Ballots cast by holders of Claims in the Voting Classes received by Epiq on or before the Voting Deadline were tabulated as outlined in the procedures set forth in the Disclosure Statement Order.[3] I declare that the results of the voting by holders of Claims in the Voting Classes are as set forth in **Exhibit A** hereto, which is a true and correct copy of the final tabulation of votes cast by timely and properly executed Ballots received by Epiq.

11. A report of all Ballots not included in the tabulation prepared by Epiq and the reasons for exclusion of such Ballots is attached as **Exhibit B** hereto.

---

[3] Three ballots, two in Class 4 and one in Class 5, were submitted by email and the Debtor agreed to waive the exclusion for ballots returned by email, and these three ballots were accepted as properly submitted and counted and included in the final tabulation results.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: April 5, 2019

/s/ Joseph Arena
Joseph Arena
Senior Consultant, Solicitation Services
Epiq Corporate Restructuring, LLC

**<u>Exhibit A</u>**

# **EXHIBIT A**

# **SUNIVA, INC.**

## **Tabulation Summary**

| VOTING CLASS | TOTAL BALLOTS COUNTED | | | | CLASS VOTING RESULT |
| --- | --- | --- | --- | --- | --- |
| | ACCEPT | | REJECT | | |
| | AMOUNT | NUMBER | AMOUNT | NUMBER | |
| **Class 3** Secured Tax Claims | $0.00 **0%** | 0 **0%** | $783,911.03 **100.00%** | 1 **100.00%** | Rejects |
| **Class 4** General Unsecured Claims | $13,597,698.91 **76.20%** | 15 **78.95%** | $4,247,765.67 **23.80%** | 4 **21.05%** | Accepts |
| **Class 5** Convenience Claims | $240,606.92 **100.00%** | 18 **100.00%** | $0.00 **0%** | 0 **0%** | Accepts |

**<u>Exhibit B</u>**

**EXHIBIT B**

**SUNIVA, INC.**

**Report of Excluded Ballots**

| Plan Class | Plan Class Description | Creditor | Voting Amount | Vote Accept or Reject | Ballot Number | Reason for Exclusion |
|---|---|---|---|---|---|---|
| 5 | CONVENIENCE CLAIMS | DAVIS MCNALLY LODGING V LLC-SPRING HILL | $126.54 | | 24 | NO VOTE: Ballot did not indicate a vote to Accept or a vote to Reject |
| 5 | CONVENIENCE CLAIMS | DAVIS LODGING VI, LLC | $903.54 | | 25 | NO VOTE: Ballot did not indicate a vote to Accept or a vote to Reject |