## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNIVA, INC.,[1] | ) | Case No. 17-10837 (KG) |
| | ) | |
| Debtor. | ) | Re: Docket Nos. 1176 |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING ~~SECOND~~ *THIRD* AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR SUNIVA, INC.

Upon consideration of the *Third Amended Chapter 11 Plan of Reorganization for Suniva, Inc.* [D.I. 1176] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") filed by the above-captioned debtor and debtor-in-possession (the "Debtor"); and the *Second Amended Disclosure Statement for Amended Chapter 11 Plan of Reorganization for Suniva, Inc.* [Docket No. 1088] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement"), the *Debtor's Motion for Entry of an Order (A) Approving the Disclosure Statement, (B) Approving the Solicitation Procedures, (C) Approving the Form of Ballots and Notices in Connection Therewith, (D) Establishing the Plan Confirmation Schedule, and (E) Granting Related Relief* [D.I. 1043] (the "Solicitation Procedures Motion") and approved by Order of the Court dated March 8, 2019 [Docket No. 1094] (the "Solicitation Procedures Order"); and the affidavits of service filed herein reflecting compliance with the notice and solicitation requirements of the Solicitation Procedures Order; and the *Declaration of Joseph Arena of Epiq Corporate Restructuring, LLC Regarding Voting and Tabulation of Ballots Cast on the Amended Chapter 11 Plan of Reorganization of Suniva, Inc.* (the "Voting Declaration") [D.I. 1175]; and upon the

---

1 The last four digits of the Debtor's federal tax identification number is 2418. The Debtor's corporate headquarters is located at 5765 Peachtree Industrial Blvd, Norcross, Georgia 300092.

*Declaration of David M. Baker in Support of Confirmation of the Second Amended Chapter 11 Plan of Reorganization for Suniva, Inc.* (the "Baker Declaration") [D.I. 1178]; and a Confirmation Hearing[2] having been held on April 9, 2019; and upon the evidence adduced and proffered and the statements of counsel made at the Confirmation Hearing; and the Court having reviewed all documents in connection with confirmation and having heard all parties desiring to be heard; and upon the record compiled in this chapter 11 case; and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefore; the Court hereby makes the following:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    Findings and Conclusions.    The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.    To the extent any of the following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

B.    Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)).    The Court has jurisdiction over this Case pursuant to 28 U.S.C. §§ 157 and 1334.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.    Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.    The Debtor was and is qualified to be a debtor under section 109 of the Bankruptcy Code.

C.    Commencement of the Case.    On the Petition Date, the Debtor commenced this case under chapter 11 of the Bankruptcy Code.    The Debtor has operated its business and

---

[2] Capitalized terms used herein, but not defined herein, shall have the respective meanings attributed to such terms in the Plan.

managed its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Case.

D.    <u>Judicial Notice</u>. The Court takes judicial notice of the docket in this Chapter 11 case maintained by the clerk of this Bankruptcy Court and/or its duly appointed agent, <u>including</u>, without limitation, all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before this Bankruptcy Court during this Case, <u>including</u>, without limitation, the Confirmation Hearing (collectively, the "<u>Record</u>").

E.    <u>Burden of Proof</u>. The Debtor, as proponent of the Plan, has the burden of proving the elements of section 1129(a) of the Bankruptcy Code by a preponderance of the evidence and, as set forth below, the Debtor has met that burden.

F.    <u>Notice; Transmittal and Mailing of Materials</u>. Due, adequate and sufficient notice of the Disclosure Statement, the Plan and the Confirmation Hearing, along with the deadlines for voting on and filing objections to the Plan and the Disclosure Statement has been given to all known holders of Claims and Interests, the Office of the United States Trustee for the District of Delaware, and the Committee substantially in accordance with the procedures set forth in the Solicitation Procedures Order, and no other or further notice is or shall be required.

G.    The Disclosure Statement, Plan, Ballots and Solicitation Procedures Order were transmitted and served in compliance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and such transmittal and service were adequate and sufficient, and no further notice is or shall be required. All procedures used to distribute the Solicitation Packages were fair, and conducted in accordance with the

Solicitation Procedures Order, Bankruptcy Code and the Bankruptcy Rules and all other applicable rules, laws and regulations;

H.    Adequate and sufficient notice of the Confirmation Hearing and other bar dates described in the Solicitation Procedures Order and the Plan have been given in compliance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and no other or further notice is or shall be required; and

I.    The filing with the Court and service of the Plan and the disclosure of any further modifications on the record of the Confirmation Hearing, constitute due and sufficient notice of the Plan and all later modifications thereto.

J.    Good Faith Solicitation.  The Debtor and its agents, representatives, attorneys, and advisors, and other Persons involved in the solicitation process have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Section 11.6 of the Plan.

K.    Votes to accept and reject the Plan were solicited fairly, in good faith and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Solicitation Procedures Order and all other applicable statutes, rules, laws and regulations.

L.    Voting.  Votes on the Plan were solicited after disclosure of "adequate information" as defined in section 1125 of the Bankruptcy Code.  As evidenced by the Voting Declaration, votes to accept the Plan have been solicited and tabulated fairly, in good faith and in a manner consistent with the Solicitation Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

M.    <u>Plan Supplement</u>.  The Plan Supplement complies with the Bankruptcy Code and the terms of the Plan, and the filing and notice of such documents was good and proper and in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and no other or further notice is required.  All documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan.  Subject to the terms of the Plan, the Debtor reserves the right to alter, amend, update, or modify the Plan Supplement before the Effective Date.

N.    <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  As set forth below and as demonstrated by the Record, the Plan complies with all relevant sections of the Bankruptcy Code, Bankruptcy Rules and applicable non-bankruptcy law relating to the confirmation of the Plan.  In particular, the Plan complies with all of the requirements of section 1129(a)(1) of the Bankruptcy Code.

O.    <u>Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1))</u>.  In addition to Priority Claims that need not be classified, the Plan classifies six (6) Classes of Claims and Interests. The Plan complies fully with the requirements of sections 1122 and 1123 of the Bankruptcy Code.  As required by section 1122(a) of the Bankruptcy Code, each Class of Claims or Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class.  The Plan's classifications conform to the statute and separately classify claims based on valid business and legal reasons.  The Plan's classification scheme has a rational basis because it is based on the respective legal rights of each holder of a Claim against or Interest in the Debtor's Estate and was not proposed to create a consenting impaired class and, thereby, manipulate class voting.  Accordingly, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

P.    <u>Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.  The Plan complies fully with the requirements of section 1123(a)(2) of the Bankruptcy Code.  Article 2 of the Plan specifies that Administrative Expense Claims, the LP DIP Claims, Fee Claims, Priority Tax Claims, and U.S. Trustee Fees are unimpaired and these Claims are not classified.  Article 3 of the Plan also specifies that Classes 1 and 2 are unimpaired under the Plan.

Q.    <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.  Article 3 of the Plan designates Classes 4, 5, 6, and 7 as Impaired, and it specifies treatment of all of these Classes of Claims and Interests under the Plan.[3]  Accordingly, the Plan satisfies section 1123(a)(3) of the Bankruptcy Code.

R.    <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  The Plan provides for the same treatment by the Debtor for each Claim or Interest in each respective Class, unless the Holder of a Claim or Interest has agreed to a less favorable treatment.  Accordingly, the Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

S.    <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>.  The provisions in Article 5 and elsewhere in the Plan, and in the exhibits and attachments to the Plan and the Disclosure Statement, provide, in detail, adequate and proper means for the Plan's implementation, including regarding:  (a) the discharge of Claims and Interests, (b) the cancellation of existing Interests, (c) the issuance of New Ownership Interests to the Equity Purchaser, (d) the vesting of estate assets in the Reorganized Debtor, (e) authorizing the Debtor and/or the Reorganized Debtor to take all actions necessary to effectuate the Plan, and (f) the appointment of the initial managers, directors and officers of the Reorganized Debtor.  Accordingly, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

---

3 There is no Class 3 under the Plan.

T.    <u>Voting Power of Equity Securities</u>.  The Plan contemplates that all existing Interests in the Debtor shall be cancelled as of the Effective Date.  Additionally, Section 5.8 of the Plan and the New Corporate Governance Documents prohibit the issuance of non-voting securities.  As a result thereof, the Debtor has complied with section 1123(a)(6) of the Bankruptcy Code.

U.    <u>Directors and Officers (11 U.S.C. § 1123(a)(7))</u>.  The Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.  Section 5.9 of the Plan contains provisions regarding the manner of selection of the Reorganized Debtor's directors and officers that are consistent with the interests of all holders of Claims and Interests and public policy.

V.    <u>Discretionary Contents of the Plan</u>.  The Plan contains various provisions that may be construed as discretionary and are not required for confirmation under the Bankruptcy Code.  As set forth below, such discretionary provisions comply with section 1123(b) of the Bankruptcy Code and are appropriate and consistent with the applicable provisions of the Bankruptcy Code.  As a result, section 1123(b) of the Bankruptcy Code is satisfied.

W.    <u>Assumption and Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2))</u>.  The Plan is consistent with section 1123(b)(2) of the Bankruptcy Code.  Section 8.1 of the Plan provides for the assumption or rejection of the Debtor's executory contracts and unexpired leases not previously assumed, assumed and assigned, or rejected during the Chapter 11 Cases under section 365 of the Bankruptcy Code.  Section 5.1 of the Plan provides that, for avoidance of doubt, the Settlement Agreement and Equipment Lease and License Agreement are not subject to rejection under Article 8 of the Plan.  This Confirmation Order constitutes approval of the assumption by the Debtor, under the Plan and in accordance with section 365 of the Bankruptcy Code, of all executory contracts and unexpired leases on the Effective Date listed in the Schedule

of Assumed Contracts and Leases, including the certain Industrial Building Lease between the Landlord and the Debtor. The Cure Amounts set forth in the Schedule of Assumed Contracts and Leases are hereby authorized to be paid by the Debtor and shall constitute findings of the Court and shall not be subject to further dispute or audit based on performance prior to the time of assumption, irrespective of whether such executory contract or unexpired lease contains an audit clause.

X.    Insurance. On the Effective Date, in accordance with Section 6.7.2 of the Plan, the Reorganized Debtor shall be deemed to have assumed all unexpired insurance policies issued at any time to the Debtor, or its affiliates or predecessors of any of the foregoing and all agreements related thereto.

Y.    Settlement, Release, Exculpation and Injunction (11 U.S.C. § 1123(b)(3)). The WARN Act Class Settlement and the Settlement Agreement are in the best interests of the Debtor, the Estate, and all Holders of Claims and Interests, and are fair, equitable, and reasonable.

Z.    The releases provided in Section 11.5 of the Plan are appropriate under the Bankruptcy Code, the Bankruptcy Rules, and the local rules of this Court. The Debtor has satisfied the business judgment standard with respect to the propriety of the releases. Such releases constitute a necessary and integral element of the Plan, and are fair, reasonable, and in the best interests of the Debtor, the Estate, and Holders of Claims and Interests. Furthermore, such releases by the Debtor and the Released Parties were contemplated by the Settlement Agreement previously approved by the Court, and are: (a) in exchange for the good and value consideration provided by the Released Parties; (b) a good-faith settlement and compromise of the Claims released by Section 11.5 of the Plan; (c) given, and made, after due notice and

opportunity for hearing; and (d) a bar to any of the Debtor, the Estate, the Plan Administrator, or any person or entity claiming through, on behalf of, or for the benefit of any of the foregoing Entities, asserting any Claim or Cause of Action released by Section 11.5 of the Plan.

AA.    The exculpation provision set forth in Section 11.6 of the Plan is appropriate under the Bankruptcy Code, the Bankruptcy Rules, and the local rules of this Court, including, because it was proposed in good faith, was formulated following extensive good faith, arm's length negotiations with key constituents and is appropriately limited in scope.

BB.    The injunction provision set forth in Section 11.7 of the Plan is necessary to implement, preserve, and enforce the releases and exculpation provided in Sections 11.5 and 11.5 of the Plan (together with the injunction provision set forth in Section 11.7 of the Plan, the "Release, Exculpation, and Injunction Provisions").

CC.    Each of the Release, Exculpation, and Injunction Provisions is:  (a) within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), 1334(b), and 1334(d); (b) an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (c) an integral element of the transactions incorporated into or contemplated by the Plan; (d) conferring material benefit on, and is in the best interests of, the Debtor and the Estate; (e) important to the overall objectives of the Plan to maximize value and preserve the Debtor as a going concern; and (f) consistent with section 105, 1123, and 1129 and other applicable provisions of the Bankruptcy Code.

DD.    Bankruptcy Rule 3016(a).  The Plan reflects the date it was filed with the Court and identifies the Debtor as the plan proponent.  Accordingly, the Plan satisfies Bankruptcy Rule 3016(a).

EE.    <u>Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.  Pursuant to section 1129(a)(2) of the Bankruptcy Code, the Debtor has complied with the applicable provisions of title 11, <u>including</u>, specifically, sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018 and 3019.  Furthermore, the solicitation of acceptances or rejections of the Plan: (i) complied with the Solicitation Procedures Order and (ii) complied with all applicable laws, rules and regulations governing the adequacy of disclosure in connection with such solicitation.  Moreover, the Disclosure Statement provided disclosure of "adequate information" to holders of Claims or Interests, as section 1125(a) of the Bankruptcy Code defines that term.  Accordingly, the Debtor and its respective directors, officers, employees, agents, members, affiliates and representatives have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code.

FF.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Plan complies fully with the requirements of section 1129(a)(3) of the Bankruptcy Code.  Having examined the totality of the circumstances surrounding the Plan, this Bankruptcy Court has determined that the Plan was proposed in good faith and not by any means forbidden by law.  The Plan is the result of extensive arm's-length discussions, debate and/or negotiations among the Debtor, Committee, Lion Point, the Equity Purchaser, and other parties in interest, and is supported by many General Unsecured Creditors in this Case.  It is clear that the Plan was proposed with the legitimate and honest purpose of maximizing the value of the Estate and to effectuate a reorganization of the Debtor.

GG.    <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Case, or in connection with the Plan and incident to the Case, has been

approved by, or is subject to the approval of, the Court as reasonable. Accordingly, the Plan satisfies section 1129(a)(4) of the Bankruptcy Code.

HH.    Disclosure and Identity of Proposed Management (11 U.S.C. § 1129(a)(5)). The Debtor has complied with section 1129(a)(5) of the Bankruptcy Code. The Plan Supplement adequately discloses the identities of the individuals proposed to serve, as of the Effective Date, as the directors and the sole officer of the Reorganized Debtor, and the nature of the compensation of any insider that will be employed or retained by the Reorganized Debtor. The appointment of such individuals to such positions is consistent with the interests of holders of Claims and Interest and public policy, thereby satisfying section 1129(a)(5) of the Bankruptcy Code.

II.    Approval of Rate Changes (11 U.S.C. § 1129(a)(6)). The requirements of Bankruptcy Code section 1129(a)(6) are not applicable to the Plan because the Debtor is not subject to any regulatory commission with jurisdiction over the rates of the Debtor.

JJ.    Best Interests of Creditors (11 U.S.C. § 1129(a)(7)). The Plan complies fully with the requirements of section 1129(a)(7) of the Bankruptcy Code. As set forth fully in the Baker Declaration in support of confirmation, the "best interests" test is satisfied as to all impaired classes of Claims and Interests. Furthermore, a liquidation under chapter 7 would adversely affect the ultimate proceeds available for distribution to all holders of Allowed Claims in the Case. Moreover, the increased costs associated with a liquidation under chapter 7 would substantially reduce the proceeds available for distribution. These costs would include, among other things, administrative fees and costs payable to a chapter trustee and professional advisors to such trustee. In the context of the erosion of the asset values and the increased costs and delay associated with the administration of a chapter 7 case, confirmation of the Plan provides each

rejecting creditor and interest holder with a recovery that is not less than such holder would receive in a chapter 7 liquidation of the Debtor. Based upon the foregoing, the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code. Therefore, the "best interests" test is satisfied with respect to each of these classes.

      KK.    Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Classes 1 and 2 are not impaired under the Plan and therefore are deemed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code. As set forth in the Voting Declaration, Classes 4 and 5 voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code. Classes 6 and 7 are not entitled to receive or retain any property under the Plan and, therefore, are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Although section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to Classes 6 and 7, the Plan is confirmable because the Plan does not discriminate unfairly and is fair and equitable with respect to Classes 1, 2, 4, and 5. Accordingly, the Plan satisfies section 1129(b) of the Bankruptcy Code with respect to such Class.

      LL.    Treatment of Claims Entitled to Priority (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Expense Claims and Fee Claims pursuant to Article 2 of the Plan satisfies the requirements of sections 1129(a)(9)(A) of the Bankruptcy Code. The treatment of Priority Tax Claims pursuant to Article 2 of the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

      MM.    Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)). The Plan complies fully with the requirements of section 1129(a)(10) of the Bankruptcy Code. At least one class of impaired creditors accepted the Plan. Specifically, Classes 4 and 5 have voted to accept the Plan.

NN.  <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  The evidence proffered or adduced at, or prior to the Confirmation Hearing and in the Baker Declaration: (a) is reasonable, persuasive, credible and accurate as of the dates such analysis or evidence was prepared, presented or proffered; (b) utilizes reasonable and appropriate methodologies and assumptions; (c) has not been controverted by other evidence; and (d) establishes that the Debtor will have sufficient funds to satisfy their obligations under the Plan.  As a result, the requirements of section 1129(a)(11) of the Bankruptcy Code have been satisfied.

OO.  <u>Payment of Fees  (11 U.S.C. § 1129(a)(12))</u>.  In accordance with 1129(a)(12) of the Bankruptcy Code, the Plan provides for the payment of all fees payable under 28 U.S.C. § 1930(a).  As a result, the requirements of section 1129(a)(12) of the Bankruptcy Code have been satisfied.

PP.  <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>.  Section 1129(a)(13) does not apply in these Case because the Debtor has no obligations to pay any retiree benefits as contemplated by section 1129(a)(13).

QQ.  <u>Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(14)-(16))</u>.  Sections 1129(a)(14)-(16) are inapplicable as the Debtor (i) has no domestic support obligations (1129(a)(14)), (ii) is not an individual (1129(a)(15)) and (iii) is a for-profit business (1129(a)(16)).

RR.  <u>No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b))</u>.  The Plan does not discriminate unfairly and is fair and equitable to each Class of Claims or Interests that has not accepted the Plan.  Further, within their respective Classes, there exists no unfair discrimination of any of the holders of Claims or Interests.  Finally, the Plan does not violate the "absolute priority" rule contained in section 1129(b)(2) of the Bankruptcy Code.

SS.   Only One Plan (11 U.S.C. § 1129(c)).  The Plan (including any previous versions thereof) is the only plan of reorganization filed in this Case.  Accordingly, section 1129(c) of the Bankruptcy Code is inapplicable.

TT.   Principal Purpose of the Plan (11 U.S.C. § 1129(d)).  The Plan complies fully with the requirements of section 1129(d) of the Bankruptcy Code.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

UU.   Satisfaction of Confirmation Requirements.  Based upon the foregoing, the Plan satisfies all of the requirements for confirmation set forth in section 1129 of the Bankruptcy Code and should be confirmed.

VV.   Implementation.  In compliance with section 1123(a)(5) of the Bankruptcy Code, Article 5 and various other provisions of the Plan set forth the means for implementation of the Plan.  All documents necessary to implement the Plan, including without limitation, those contained in the Plan Supplement, and all other relevant and necessary documents, have been developed and negotiated in good faith and at arm's length and, subject to and upon occurrence of the Effective Date, shall be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

WW.  Disclosure.  The Debtor has disclosed all material facts regarding the Plan.

XX.   Good Faith Purchaser.  The Equity Purchaser is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to all of the protection afforded by section 363(m) of the Bankruptcy Code.  The Equity Purchaser has proceeded in good faith in all respects in connection with this proceeding.  In the absence of any Person obtaining a stay pending appeal, effective upon the Closing, it shall be deemed that

neither the Debtor nor the Equity Purchaser have engaged in any conduct that would cause or permit the issuance of New Ownership Interests to the Equity Purchaser to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code.

YY.    Rejection of Executory Contracts and Unexpired Leases.  Except as otherwise set forth in Article 8 of the Plan or this Confirmation Order, the entry of this Confirmation Order shall constitute approval of the rejection of any and all Executory Contracts and unexpired leases not assumed by the Debtor and approved by this Court.

ZZ.    Transfers by Debtor; Vesting of Assets.  All transfers of property of the Estate, including, without limitation, the transfer of the any and all property in the Estate to the Reorganized Debtor and the Interests in the Debtor, shall be free and clear of all Liens, charges, Claims, encumbrances and other Interests, except as expressly provided in the Plan or this Confirmation Order.  Pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all property of the Debtor shall vest in the Reorganized Debtor or its successors or assigns, as the case may be, free and clear of all Liens, charges, Claims, encumbrances and other Interests, except as expressly provided in the Plan or this Confirmation Order.  Such vesting does not constitute a voidable transfer under the Bankruptcy Code or applicable nonbankruptcy law.

AAA. Satisfaction of Conditions Precedent to Confirmation.    The conditions to Confirmation set forth in Section 10.1 of the Plan have been satisfied, waived or will be satisfied by entry of the Confirmation Order.

BBB. Conditions to Consummation.  The conditions to the Effective Date are set forth in Section 10.2 of the Plan.  Such conditions may be waived at any time by a writing signed by the Equity Purchaser, the Committee and the Debtor.

CCC.  Modifications to the Plan.  The modifications made to the *Amended Chapter 11 Plan of Reorganization for Suniva, Inc.* [D.I. 1093-1] (the "First Amended Plan") since the solicitation of votes thereon, including those modifications reflected in the Plan and as set forth in this Order, (a) comply in all respects with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and (b) do not require re-solicitation of votes with respect to the Plan. Adequate and sufficient notice of such modifications has been given, no further notice is or shall be required, and such modifications are approved in full.  The votes case to accept the First Amended Plan are deemed to have been cast with respect to the Plan as so modified.

DDD.  Retention of Jurisdiction.  The Court properly may retain jurisdiction over the matters set forth in Article XII of the Plan.

EEE.  Based on the foregoing, the Plan satisfies the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.  The findings of this Court as set forth herein shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, which is applicable to this matter by virtue of Bankruptcy Rule 9014.  To the extent any findings of fact constitute conclusions of law, they are adopted as such.  To the extent any conclusions of law constitute findings of fact, they are adopted as such.

2.  The Plan is approved and confirmed under section 1129 of the Bankruptcy Code; provided, however, that if there is any conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

3.      All objections that have not been withdrawn, waived or settled, and all reservations of rights pertaining to Confirmation of the Plan, are overruled on the merits.

4.      The record of the Confirmation Hearing is closed.

5.      Notice of the Confirmation Hearing, the Disclosure Statement, and the Plan complied with the terms of the Solicitation Procedures Order, was appropriate and satisfactory based on the circumstances of the Case and was in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable orders of this Court. The solicitation of votes on the Plan complied with the Solicitation Procedures Order, was appropriate and satisfactory based upon the circumstances of the Case and was in compliance with the provisions of the Bankruptcy Code and the Bankruptcy Rules. All interested parties had an opportunity to appear and be heard.

6.      All Claims and Interests shall be, and hereby are, classified and treated as set forth in the Plan. The Plan's classification scheme shall be, and hereby is, approved.

7.      The treatment of all Claims and Interests as provided in the Plan shall be, and hereby is, approved.

8.      Under the provisions of applicable state law, and section 1142(b) of the Bankruptcy Code, no action of the respective directors, stockholders, managers, or members of the Debtor is required to authorize the Debtor to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Plan and any contract, instrument, or other document to be executed, delivered, adopted, or amended in connection with the implementation of the Plan.

9.      Except as otherwise provided in the Plan, this Confirmation Order, or in any agreement, instrument, or other document incorporated in the Plan, on the Effective Date, all

property and any property acquired or divested by the Debtor under the Plan (all of which transfers are approved) shall vest in the Reorganized Debtor, and the Equity Purchaser's acquisition of the Interests in the Debtor in exchange for the Equity Purchase Price, shall be free and clear of all Liens, Claims, charges, or other encumbrances. On and after the Effective Date, except as otherwise provided in the Plan, the Reorganized Debtor may operate its business and may use, acquire, or dispose of property without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules.

10.    The terms of the Plan shall solely govern the classification of Claims and Interests for purposes of the distributions to be made thereunder. The classifications set forth on the Ballots tendered to or returned by the Debtor's creditors in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes; (c) may not be relied upon by any creditor as representing the actual classification of such Claims under the Plan for distribution purposes; (d) may not be relied upon by any creditor as evidence that the Claim is or will become an Allowed Claim; and (e) shall not bind the Debtor or the Reorganized Debtor.

11.    Except as otherwise agreed in writing and approved by the Court, the treatment set forth in the Plan is in full and complete satisfaction of the legal, contractual and equitable rights (including any liens) that each entity holding a Claim or interest may have in or against the Debtor or its respective property. This treatment supersedes and replaces any agreements or rights those entities may have otherwise had in or against the Debtor or its respective property.

12.     The Court finds that the Plan satisfies all of the elements required by section 1129 of the Bankruptcy Code.  To the extent that any Class was impaired under the Plan and did not vote to accept the Plan, the Court finds that the Plan satisfies the "cramdown" requirements of section 1129(b) of the Bankruptcy Code with respect to such Class.

13.     The Debtor is authorized to execute and deliver any and all documents and instruments and take any and all action necessary or desirable to implement the Plan and this Confirmation Order and to effect any other transactions contemplated therein or thereby.  To effectuate the Plan and such transactions, the officers or responsible representatives of the Debtor are authorized, without further notice or application to or order of the Court to execute, deliver, file or record such agreements or documents and to take such other actions as any such individual may determine to be necessary or desirable to effectuate the Plan and such transactions, regardless of whether such actions or documents are specifically referred to in the Plan or this Confirmation Order.  To the extent that, under applicable non-bankruptcy law, any of these actions otherwise would require the consent or approval of the boards of directors of the Debtor, this Confirmation Order constitutes such consent and approval.

14.     On the Effective Date, except as otherwise provided in the Plan, all notes, instruments, certificates, warrants, and other documents evidencing Claims and Interests in the Debtor or shall be canceled, deemed terminated, and the obligations thereunder discharged.

15.     All distributions under the Plan shall be made in accordance with the terms and conditions set forth in the Plan.  On the Effective Date, in exchange for the Cash Purchase Price and the LP DIP Claims, which shall be deemed fully and finally satisfied and discharged, one hundred percent (100%) of the New Ownership Interests shall be issued to the Equity Purchaser.

The New Ownership Interests shall be exempt from registration under U.S. state and federal securities laws pursuant to section 1145 of the Bankruptcy Code.

16.     Except as otherwise provided in the Plan, this Confirmation Order or in any contract, instrument, release or other agreement, or document created under or in connection with the Plan, on the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Debtor shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtor and its successors and assigns.

17.     As of the Effective Date, Holders of Allowed General Unsecured Claims shall be vested with the indefeasible right to receive their Pro-Rata share of the Unsecured Creditor Distribution pursuant to Section 5.20 of the Plan.

18.     The Debtor shall remain Debtor-in-Possession under the Bankruptcy Code until the Effective Date.  The Reorganized Debtor shall wind-up the affairs of the Debtor.  The Reorganized Debtor or the Plan Administrator, as appropriate, may make distributions to creditors in accordance with the Plan.

19.     On the Effective Date, the authority, power and incumbency of the persons then acting as directors, managers and officers of the Debtor shall be terminated and such directors, managers and officers shall be deemed to have resigned or to have been removed without cause.

20.     As of the Effective Date, the appointment of the Plan Administrator shall take effect pursuant to the terms of the Plan Administrator Agreement.  The Plan Administrator shall have the authority set forth in the Plan Administrator Agreement and the Plan.

21.     Except as set forth in Article 8 of the Plan, any and all executory contracts and unexpired leases of the Debtor not previously rejected by the Debtor, unless specifically assumed

pursuant to the Bankruptcy Code prior to the date hereof or the subject of a motion to assume or assume and assign pending on the date hereof, shall be deemed rejected by the Debtor, effective as of the Effective Date. For avoidance of doubt, the Settlement Agreement and Equipment Lease and License Agreement are not subject to rejection under Article 8 of the Plan.

22.     On the Effective Date of the Plan, the Committee shall be dissolved as provided by Article 13 of the Plan. Each member of the Committee (including each officer, director, employee, agent, consultant, or representative thereof) and each Professional Person retained by the Committee shall be released and discharged from all further authority, duties, responsibilities, and obligations relating to the Debtor and the Chapter 11 Case; *provided, however,* that the foregoing shall not apply to any matters concerning any Fee Claims held or asserted by any Professional Persons retained by the Committee.

23.     All fees payable pursuant to section 1930 of title 28 of the United States Code on or prior to the Effective Date, and thereafter as may be required, shall be paid when due.

24.     This Order shall constitute all disclosures, approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan, including but not limited to section 303 of Title 8 of the Delaware Code.

25.     Pursuant to section 1146(a) of the Bankruptcy Code, neither the making nor delivery of an instrument of transfer, nor the revesting, transfer and sale of any real property or personal property of the Debtor in accordance with the Plan, shall subject the Debtor to any state or local law imposing a stamp tax, transfer tax or similar tax or fee. All filing or recording officers (or any other Person with authority over any of the foregoing), wherever located and by

whomever appointed, shall comply with the requirements of section 1146(a) of the Bankruptcy Code, shall forego the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

26.    The transactions contemplated by the Plan in exchange for the New Ownership Interests are undertaken by the Equity Purchaser without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate such transactions shall not affect the validity of the transactions with the Equity Purchaser, unless such authorization is duly stayed pending such appeal. The Equity Purchaser is a good faith purchaser and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

27.    The Court hereby retains jurisdiction of the Case and all matters arising under, arising out of, or related to, the Case and the Plan (i) as provided for in the Plan, (ii) as provided for in this Confirmation Order, and (iii) for the purposes set forth in sections 1127 and 1142 of the Bankruptcy Code.

28.    Unless otherwise provided in the Plan or this Confirmation Order, any injunction or stay arising under or entered during the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code or otherwise that is in existence on the Confirmation Date shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.

29.    Each provision of the Plan is:  (a) valid and enforceable in accordance with its terms; (b) integral to the Plan and may not be deleted or modified without the Debtor's consent; and (c) nonseverable and mutually dependent.

30.    Except to the extent that the Bankruptcy Code, Bankruptcy Rules or other federal law is applicable, or to the extent an exhibit to the Plan or a schedule provides otherwise, the rights, duties and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles of conflict of laws thereof.

31.    The Release, Exculpation, and Injunction Provisions contained in Sections 11.5, 11.6, and 11.7 of the Plan are hereby authorized and approved in their entirety, and such provisions are effective and binding on all Persons and Entities.

32.    Nothing in the Plan or this Confirmation Order shall prevent Geodis USA, Inc. ("Geodis") from disposing, removing, or destroying the Goods or HKG Goods (both as defined in Geodis USA, Inc.'s Limited Objection to Debtor's Amended Chapter 11 Plan of Reorganization [D.I. 1168], and collectively the "Geodis Goods"). The Debtor specifically disclaims any right, title or interest in the Geodis Goods. All rights for Geodis to assert an Administrative Expense Claim in connection with the storage of the Geodis Goods and any expenses incurred in connection with the disposal, removal, or destruction of the Geodis Goods, are fully preserved. Neither the Debtor, nor the Reorganized Debtor, waives any rights to object to such claim.

33.    Headings utilized herein are for convenience and reference only, and shall not constitute a part of the Plan or this Confirmation Order for any other purpose.

34.    The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect and enforceability on such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

35.     Without need for further order or authorization of the Court, the Debtor and the Reorganized Debtor, as applicable, are authorized, but not obligated, in their discretion to modify the corporate form of the Reorganized Debtor; provided, however, that the Reorganized Debtor will remain subject to corporate governance as provided for in Section 5.9 of the Plan. The Reorganized Debtor shall continue to exist after the Effective Date as a separate corporate entity, limited liability company, partnership, or other form, as the case may be, with all the powers of a corporation, limited liability company, partnership, or other form, as the case may be, under the applicable law in the jurisdiction in which the Reorganized Debtor is incorporated or formed.

36.     Without need for further order or authorization of the Court, the Debtor and the Reorganized Debtor, as applicable, are authorized and empowered to make any and all modifications to any and all documents that are necessary to effectuate the Plan that do not materially modify the terms of such documents and are consistent with the Plan. Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and those restrictions on modifications set forth in the Plan, the Debtor and the Reorganized Debtor expressly reserve their respective rights to revoke or withdraw, or to alter, amend, or modify materially the Plan with respect to the Debtor, one or more times, after Confirmation, and, to the extent necessary, may initiate proceedings in the Court to so alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan, the Disclosure Statement, or this Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan. Any such modification or supplement shall be considered a modification of the Plan and shall be made in accordance with Section 13.2 of the Plan.

37.    The period in which an appeal of this Confirmation Order must be filed shall commence upon the entry of this Order.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Confirmation Order shall be immediately effective and enforceable upon its entry.    If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Bankruptcy Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts, obligations, or liens incurred, undertaken or granted pursuant to, or in connection with the Plan prior to the Debtor's receipt of written notice of such order.    Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act, obligation, or lien incurred, undertaken or granted pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan and all related documents.    Any act or obligation undertaken or incurred prior to a vacatur or modification of this Confirmation Order shall be governed by the Plan and this Confirmation Order.

38.    Pursuant to section 1141 and the other applicable provisions of the Bankruptcy Code, effective as of the Effective Date, the provisions of the Plan (including the exhibits and schedules to, and all documents and agreements executed pursuant to or in connection with, the Plan) and this Confirmation Order shall be binding on (a) the Debtor, (b) the Reorganized Debtor, (c) the Committee; (d) all holders of Claims against and Interests in the Debtor, whether or not impaired under the Plan and whether or not such holders have accepted or rejected the Plan, (e) each Person receiving, retaining or otherwise acquiring property under the Plan, (f) any non-Debtor party to an executory contract or unexpired lease with the Debtor, (g) any Person or

Entity making an appearance in the Case or any other party-in-interest in this Case, and (h) each of the foregoing's respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, professionals and other advisors, beneficiaries, guardians, and similar officers, or any person claiming through or in the right of any such person or entity.  Notwithstanding the foregoing, as set forth in section 1141(d)(3), nothing in this Order shall effectuate a discharge of the Debtor.

39.    Pursuant to Bankruptcy Rule 2002(f)(7) and 3020(c), upon entry of this Confirmation Order, the Debtor shall serve on all known holders of Claims and Interests, all parties who have entered their appearance in this case and requested notice pursuant to Bankruptcy Rule 2002 and the Office of the United States Trustee, notice of the entry of this Confirmation Order no later than ten (10) days after the Effective Date of the Plan.

40.    The Debtor is authorized to consummate the Plan at any time after the entry of this Confirmation Order, subject to the satisfaction or waiver of the conditions precedent to the Effective Date set forth in Section 10.2 of the Plan.

Dated: April __9__, 2019
       Wilmington, Delaware

                                     The Honorable Kevin Gross
                                     United States Bankruptcy Judge